**Pravinbhai B. PATEL, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 03–3327.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on May 24, 2004.

Decided Feb. 3, 2005.

Steven Vosbikian, Vosbikian & Grady, Cherry Hill, NJ, Frank B. Lindner, Lindner & Lindner, Yardley, PA, for Petitioner.

Isaac R. Campbell, United States Department of Justice, Civil Division, Douglas E. Ginsburg, Lyle D. Jentzer, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before ROTH and STAPLETON, Circuit Judges, and SCHWARZER,[*] Senior District Judge.

## OPINION

ROTH, Circuit Judge.

In this immigration case, petitioner Pravinbhai Patel seeks affirmation of his Petition for Review of the Board of Immigration Appeals' orders denying his application for political asylum and withholding of removal. We will deny the petition for review.

### I. Facts

Pravinbhai Patel, a 43 year old male, was born in India and remains a citizen of India. He entered the United States, without inspection, on November 11, 1992, at the U.S./ Mexican Boarder.

On or about March 8, 1993, Patel filed an asylum application with the INS. Patel based his asylum claim on the mistreatment and threats he endured as a result of his religious and political affiliation. Patel contended that he was a Muslim and was the Secretary of the Muslim League in his village.

On October 2, 2001, Patel filed an amended asylum application containing a completely different set of allegations. Patel contended that he was Hindu and that his father was a local leader in the BJP, a major Hindu political party. He alleged that the Muslims came to his home twice, physically assaulted him and his family, and threatened to kill his family if they did not leave the village. Patel reported these incidents to the local police but they allegedly refused to help. As a last resort, Patel claimed he burnt down his home and relocated with his family to Surat, India. In Surat, Patel contended he was recognized and threatened by Muslims because of his father's involvement with the BJP and because he was a Hindu.

During his final evidentiary hearing, on February 7, 2002, Patel testified that his amended asylum application contained an accurate account of his allegations. The Immigration Judge (IJ) considered all the evidence and denied Patel's application for relief, finding his application and testimony not credible. The IJ noted the inconsistency between Patel's original and amended asylum applications warranted disbelief. Additionally, the IJ found Patel's claim that the police refused to assist him implausible in light of the State Departments Report, which revealed police support of Hindus. The IJ also found it unlikely that Muslims would recognize Patel in a village 300 miles from his home. Finally, the IJ noted that Patel failed to corroborate his father's alleged involvement in the BJP.

Patel appealed to the Board of Immigration Appeals (BIA). The BIA affirmed the IJ's decision without a separate opinion.

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

After his motion to reconsider was denied by the BIA, Patel appealed.

## II. Jurisdiction and Standard of Review

When the BIA affirms the IJ's decision without opinion, we must review the IJ's decision. *Abdulai v. Ashcroft,* 239 F.3d 542, 549 n. 2 (3d Cir.2001) (citing *Chen v. INS,* 87 F.3d 5, 7 n. 3 (1st Cir.1996)). We review both the IJ's denial of asylum eligibility and adverse credibility determination under the substantial evidence standard. *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002). Under this standard, the IJ's findings must be "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (internal quotation marks and citation omitted). The IJ's ruling must be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Gao,* 299F.3d at 272. We have jurisdiction over the petition for review under section 242(a) of the INA, 8 U.S.C. § 1252(a).

## III. Discussion

An adverse credibility ruling must be based on substantial evidence in the record. *Gao,* 299 F.3d at 272. The fact finder must provide cogent reasons that relate to the asylum claim as the basis for questioning the applicants credibility. *See Balasubramanrim v. INS,* 143 F.3d 157, 161 (3d Cir.1998). An adverse credibility determination based on "implausibility" is only proper if made against the background of the country conditions. *Dia v. Ashcroft,* 353 F.3d 228 (3d Cir.2003). Additionally, the IJ can view the applicant's testimony in light of the strength or weakness of additional evidence presented. *See, e.g., Abdulai,* 239 F.3d at 548.

When seeking asylum, an alien has the burden of showing that he or she is a refugee as defined by the INA. 8 C.F.R. § 208.13. Under the INA, a refugee is a person that is unable to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion ... or political opinion...." 8 U.S.C. § 1101(a)(42)(A). The alien must establish his or her asylum claim through credible testimony. *Abdille v. Ashcroft,* 242 F.3d 477, 484 (3d Cir. 2001).

We find the IJ based his adverse credibility ruling on sufficient grounds. The IJ cites specific reasons, based in the record, to support his adverse credibility ruling: (1) the discrepancy between the original and amended application and (2) the implausible evidence and omissions in Patel's testimony based on his amended application.

Patel asserts that case law cautions an IJ to place little emphasis on the veracity of an immigrant's statements given at the border. Due, however, to the direct impact on Patel's overall credibility, the IJ, in making his adverse credibility ruling, was justified in relying on the conflicting asylum applications. We do not believe that a reasonable adjudicator would be compelled to find otherwise.

Furthermore, the IJ indicates that events alleged in Patel's amended application and testimony are implausible. Patel claims that after he was attacked by Muslims he reported the violence to the local police, who did not act because they were "unable to become involved in [the] matter." In light of the U.S. State Department Country Report, the IJ concludes that these events are implausible. The Country Report indicates that Hindus are the majority in India and the police support Hindus in responding to Muslim attacks. Against the background of the reported police support, the IJ was reasonable in finding Patel's testimony was implausible.

The IJ also found Patel's claim that Muslims threatened him in Surat, a distant village, implausible. Patel asserts that the IJ failed to establish reasons why his testimony was implausible. Evidence in the record, however, supports the IJ's finding. Patel testified, without further explanation, that his father was not a "big leader" in his home village and that Surat is located 300 miles away from his home. The IJ was reasonable in finding it implausible that Muslims recognized Patel in a village 300 miles away from his home because of his father's minor leadership role in the BJP. We conclude that a reasonable fact finder would not be compelled to find otherwise.

The IJ also cites the lack of corroborative evidence as support for his adverse credibility ruling. Patel alleges that the attacks and threats he experienced from Muslims are partly attributable to his father's involvement in the BJP. Although his father's political affiliation is integral to his claim, Patel failed to provide evidence corroborating his father's leadership role in the BJP. Patel argues that an alien is not required and cannot fairly be expected to provide corroborative evidence in an immigration hearing. The IJ reasoned that Patel could easily have established his father's political involvement through testimony by his mother or wife, who both currently reside with him. We agree that this is not the type of evidentiary burden that will excuse an alien from supplying corroborative evidence. The IJ was reasonable in finding the lack of corroborative evidence weakened Patel's credibility.

### Conclusion

For the foregoing reasons, we will deny Patel's petitions for review.